[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
In a motion dated August 3, 1990, the plaintiff CFM of Connecticut (CFM) moved the trial court (Susco, J.) for: 1) recusal; or 2) disqualification; or 3) a mistrial.
The matter was referred to this court and plaintiff's motion was considered as one of recusal of the trial court.
On August 10, 1990, Taufiqul Chowdhury and 5 C's Corporation (defendants) filed a memorandum in opposition to plaintiff's motion to recuse in which the defendants sought against the plaintiff the imposition of the attorney's fees incurred by the defendants in opposing the motion for recusal.
A hearing was held on plaintiff's motion to recuse the trial court before this court on August 10, 1990.
The "affidavit" of plaintiff's counsel dated August 3, 1990, was improper as to form and content. The court, accordingly, at the hearing of August 10, 1990, invited plaintiff's counsel to make his offer of proof to the court.
The court rendered its decision on August 15, 1990, wherein the plaintiff's motion to recuse was denied. The court noted its decision in the file and further noted that a memorandum of decision was forthcoming.
On or about August 16, 1990, plaintiff CFM withdrew from the Housing Session of the Hartford-New Britain Judicial District at Hartford the following motions relevant to the instant case; (a) Motion for a preliminary injunction (the matter upon which the motion to recuse was brought); (b) Motion for a pre judgment attachment; (c) Request to amend its complaint and (d) Motion to join additional plaintiffs.
Concomitantly, the plaintiff instituted an action in the Housing Session of the Windham Judicial District at Putnam on behalf of CFM, T.M. of Connecticut and Total Food Mart against the defendants. The grievances alleged by plaintiffs in the Windham Judicial District are similar to those alleged in the Hartford complaint. In the Windham proceeding, CFM joined as party plaintiffs those parties it sought to add in Hartford (T.M. of Connecticut and Total Food Mart Corporation) and added five causes of action it sought to amend in the Hartford CT Page 5061 complaint.
The court issued a memorandum of decision dated August 31, 1990 and filed September 18, 1990, wherein the court granted to the defendants "reasonable attorney's fees and court costs."
The plaintiff took no action relevant to the court's findings and imposition of attorney's fees and costs.
Due to the fact that the court did not specify in its memorandum of decision the amount of attorney's fees awarded, the defendants filed an affidavit dated September 26, 1990, copied to opposing counsel, in which the defendants' counsel set forth in affidavit form the attorney's fees incurred in connection with opposing the plaintiff's motion for recusal. No objection was filed by the plaintiff.
The court, on November 26, 1990, granted attorney's fees to the defendants in the amount of $3,251.00 and ordered the fees to be paid in full on or before December 31, 1990. The plaintiff filed no objection to the court's order or made any other claim.
On December 28, 1990, the plaintiff sought a stay of the court's November 26, 1990 order. On December 31, 1990, the court (M. Hennessey, J.) denied plaintiff's motion to stay the court's order with respect to the payment of attorney's fees.
In a motion dated January 2, 1991, and entitled "Plaintiff's Memorandum in Support of its Motion for Reargument and Vacation of Parts of the Court's August 31, 1990, and November 26, 1990 Orders," the plaintiff sought the deletion of the order granting attorney's fees.
The court granted the plaintiff's motion to reargue. On the successive afternoon sessions of April 15, 16 and 17, 1991, the court reheard the parties on the issue of the imposition of attorney's fees against the plaintiff and/or its counsel.
The court incorporates herein its memorandum of decision dated August 31, 1990, and its findings contained therein.
ISSUES
Is the sanction of attorney's fees against the plaintiff's attorney appropriate in the litigation of the motion to recuse?
DISCUSSION
The court finds no violation of a specific rule, statute CT Page 5062 or order of the court in determining whether the imposition of attorney's fees against the plaintiff's counsel is appropriate.
Our appellate court has held that our state follows the general rule that, except as provided by statute or in certain defined exceptional circumstances, "the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the loser." Fattibene v. Kealey, 18 Conn. App. 344, 360. That rule does not apply however, "where the opposing party has acted in bad faith." (citation omitted). Id. It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. (citation omitted). Id. This bad faith exception applies not only to the filing of an action, "but also in the conduct of the litigation." (citation omitted). Id.
The litigation to be focused on is the same litigation in which the fee award is under consideration. Dow Chemical Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329 (2nd Cir. 1986). In the case at bar our focus is on the bringing and conduct of the litigation concerning plaintiff's motion to recuse. However, the court is not precluded in its inquiry from the consideration of other proceedings in Superior Court concerning the same parties which proceedings are relevant to the inquiry at bar.
Our appellate court has reviewed the analysis of this issue by the Second Circuit Court of Appeals in Dow Chemical, supra, and has adopted many of the principles articulated there.
"To insure . . . that fear of an award of attorney's fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold the awards under the bad faith exception absent both clear evidence' that the challenged actions `are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes,' . . . and `a high degree of specificity in the factual findings of [the] lower courts.'" (citations omitted). Fattibene, supra, 360-61. Whether a claim is colorable for purposes of the bad faith exception, is a matter of `whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts had been established.'" (Emphasis in original). (Citation omitted). Id.
Those facts which have been offered and accepted as true are insufficient to enable this court to make reasonable and logical inferences necessary to support plaintiff's attorney's claims. An inference cannot be drawn from an isolated fact. CT Page 5063 The speculation and conclusions of the plaintiff's attorney do not rise to the level of fact and cannot substitute for fact upon which the court can draw inferences.
A court's ruling that one party considers adverse or the scheduling of a matter that is not to a party's liking are not evidence of bias or partiality without more. A court has certain discretion in its rulings, the exercise of which does not necessarily support a claim of bias in the event that the ruling is not to a party's liking.
"A claim is colorable, for the purpose of the bad faith exception, when it has some legal and factual support, considered in the light of the reasonable beliefs of the individual making the claim." Nemeroff v. Abelson, 620 F.2d 339,348 (1980).
Most importantly, "the alleged bias and prejudice, to be disqualifying, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583. In Grinnell any adverse attitudes that Judge Wyzanski evinced toward the defendants were based on his study of the depositions and briefs which the parties had requested him to make. The U.S. Supreme Court did not read the statements of the trial court as manifesting a closed mind on the merits of the case and found no merit to the motion to disqualify the trial court.
The only "extrajudicial source" that is claimed by the plaintiff's attorney is offered relevant to the comment by the trial court concerning the cross-examination of Jim Schmidt. The only facts offered by plaintiff was the comment, the fact that Schmidt was founder and former officer of CFM, that the comment occurred on October 30, 1989, at the end of a scheduling conference prior to any testimony in the case. This offer is insufficient for this court to find that the comment reflected a bias which emanated from an "extrajudicial source and resulted in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." The court cannot engage in speculation at the invitation of the plaintiff's attorney. The quantum leap this court is asked to make is not based on reasonable and logical inferences but on speculation.
A review of the record reveals no other claimed "extrajudicial source" from which this court could reasonably infer bias or prejudice.
The lack of any extra judicial source as a basis for the CT Page 5064 comments and actions of the trial court leads this court to find that the requirement articulated in Grinnell was not met by the plaintiff. Accordingly, the court finds that a reasonable attorney could not have concluded that facts supporting the claim might be established.
The facts found by this court articulated in the previous memorandum of decision combined with this court taking judicial notice of the proceedings in the Housing Sessions of the Superior Court leads this court to conclude, by clear evidence, that the purposes of plaintiff's counsel in the filing of the motion to recuse was to avoid what was anticipated by plaintiff's counsel to be an adverse ruling on plaintiff's motion for a preliminary injunction.
The court further finds that the plaintiff's counsel has unreasonably extended court proceedings, engaged in the multiplication of proceedings and actions, engaged in proceedings in order to avoid or circumvent an anticipated adverse ruling by a court, engaged in forum shopping and disqualification of a trial court without color of claim.
The conduct attributed to the plaintiff's attorney is, under the facts of this case, tantamount to bad faith.
This court has a responsibility to invoke the inherent power of a court to levy sanctions in response to abusive litigation practices.
Also, the courts have noted that "bad faith is personal." Dow Chemical, 344. The sanction of attorneys' fees is levied against the plaintiff's attorney.
The court's prior ruling relevant to imposition of attorney's fees stands. Said fees are to be paid to defendants forthwith.
Miano, J.